## Gay & a. v. Johnson, Pr., & Bodge, Tr.

Where, in a suit against two partners, for a partnership debt, one of them is discharged upon his plea of infancy, and judgment is taken against the adult partner, the judgment is still a partnership debt, to which the partnership funds must be applied in preference to debt of the individual partners.

If there are several successive attachments of partnership property, in suits for debts of the firm, and in some of the suits one of the two partners is discharged on his plea of infancy, and in the others he allows a joint judgment to be rendered against him and the adult partner, subsequent attachments in the actions where the judgments were against both partners, will not be preferred to prior attachments in actions where the judgment was against the adult partner alone ; but the property attached will be applied to the judgments rendered in the several suits, according to the order of the attachments.

In this action James Bodge was summoned as the trustee of Thomas Johnson, the principal defendant, and on the trustee's disclosure the following facts appeared :

Previous to December, 1852, Lemuel Johnson and John A. Wentworth were partners in trade under the firm of Johnson & Wentworth, and in that month they were sued as partners for debts of the firm, and the partnership property attached by the

trustee as a deputy of the sheriff, on sundry writs in favor of Pierce & Jewett, Jacob Wentworth, Jones & Buntin, Purrinton and Tebbets, and of Thomas Johnson, this defendant. The attachments were made in the order the parties are above named.

By agreement of all the parties, the property attached was sold on the writs, and the proceeds.retained by the officer, this trustee, to be applied according to law on the executions. All the actions were duly entered, and judgments were rendered, as is herein after stated. Within thirty days the executions were put in the hands of the officer, with directions to levy on the proceeds of the sale in his hands.

To the actions of Pierce & Jewett and of Jacob Wentworth, Lemuel Johnson, one of the partners, set up the defence of his infancy, upon which he was discharged and judgment taken against John A. Wentworth alone. But in the other actions of Jones & Buntin, of Purrinton & Tebbets, and of Thomas Johnson, this defendant, no defence of infancy was interposed by Lemuel Johnson, and judgment was taken against both the partners.

Pierce & Jewett and Jacob Wentworth claimed to have the money in the officer's hands applied on the executions in the order of the attachments, but the subsequent attaching creditors contend that it should be applied on their executions, without regard to the judgment rendered against John A. Wentworth alone. The trustee has not yet made any actual application of the money on the execution.

If the money should be applied on the executions of Pierce & Jewett and Jacob Wentworth, nothing will remain to go on the execution in favor of Thomas Johnson, this defendant; otherwise there will.

*Jordan,* for the plaintiffs.

*Wheeler,* for claimants of money in the officer's hands.

*Sanborn,* for trustee.

PERLEY, C. J.   Several suits were brought against the part-
ners in the firm of Johnson & Wentworth, to recover debts due
from the firm.   The debts were of the same character, being all
contracted in the name and for the benefit of the partnership,
and all liable, so far as Lemuel Johnson was concerned, to his
personal defence of infancy.   To some of these suits he set up
that defence, and was discharged; in the others, he allowed
judgment to go against him jointly with the other partner.   The
ground taken by the plaintiffs is, that the debts, for which judg-
ments have been rendered against both the partners, are to be
regarded as partnership debts, and the partnership funds primarily
liable for their payment; but that the debts, in actions where
Lemuel Johnson pleaded his infancy, and was discharged from
his personal liability, the judgments being against John A. Went-
worth alone, are become his private and individual debts, and
must be postponed, in the application of the partnership prop-
erty attached, to subsequent suits in which judgments have been
rendered against both the partners.

As a general rule the contract of an infant is not void, but
voidable at his election.   *Conn* v. *Coburn*, 7 N. H. 368.   And
an infant may be a partner, and will be entitled to all the ben-
efits of the partnership, although not personally responsible for
the debts of the firm contracted during his infancy.   *Goode* v.
*Harrison*, 5 B. & A. 147.

It is to be observed that in this case there has been no attempt
by the infant partner to disaffirm his contract of partnership.
He has set up his infancy as a personal defence to some of these
suits, but the case of the plaintiffs goes on the ground that
Lemuel Johnson is still a partner, and chargeable at his election
for the partnership debts.   Lemuel Johnson has yet done noth-
ing which would prevent him from calling on Wentworth, the
other partner, for an account, and for his share of the profits, if
it should turn out that the business has been successful.   If an
infant partner can repudiate his contract of partnership, and
call for a return of his share in the capital, without regard to
the account of profit and loss, it must be upon some proceeding

instituted for that purpose, and on which the rights of the other partners, and of creditors of the firm, may be considered and protected.

In this case there were but two partners, and judgment in the actions where infancy was pleaded was against one partner only. But the effect upon the rights of partnership creditors must be the same where there are any number of partners, and one is discharged from his personal liability on the plea of infancy. If in this case there had been three partners, or any larger number, and in a suit against them all to recover a partnership debt, one had been discharged on the plea of infancy, the judgment against the other partners, to maintain the position of the plaintiffs, must be regarded as an individual debt against the other partners, and not as a partnership debt.

It would follow, from the ground taken by the plaintiffs, that if Lemuel Johnson had set up the defence of infancy, and been personally discharged in all the suits against the firm, this would have changed the character of all the debts, from partnership to individual debts of the adult partner, and discharged the partnership property from the claims of the creditors of the firm to have their debts first satisfied out of it.

Where one of two partners dies, suits at law for partnership debts must be against the surviving partner alone ; but in that case the partnership property still remains as a separate fund for the payment of partnership debts, and cannot be diverted from that object by the surviving partner to the payment of his individual debts. *Hutchinson* v. *Smith,* 7 Paige 26, 33 ; *French* v. *Lovejoy,* 12 N. H. 461.

In England the bankruptcy of one partner, though it causes a dissolution of the firm, does not make the other partners nor the partnership bankrupt. 1 Cooke's Bankrupt Laws 80.

But the personal discharge of a bankrupt partner does not affect the right of the partnership creditors to have the partnership property applied to the payment of their debts. Story on Partnership, § 375.

In these analogous cases, where, on account of one partner's

death, or his discharge on the ground of some personal defence, judgment for a partnership debt is rendered against a single partner, the demand does not lose its character of a partnership debt, but still remains a charge on the partnership property.

It is said, in argument for the plaintiffs, that in this case Lemuel Johnson owed several debts to different creditors, and had the right to prefer such of his creditors as he chose to favor, and has exercised that right by pleading his infancy to some of the demands, and allowing judgment to go against him for the others. But to give the debtor this right of preferring one creditor to another, the debts must be of the same order and class ; and if one class of debts have a legal preference, the debtor cannot deprive the creditors thus preferred in law, of their rights. *Ferson* v. *Monroe*, 1 Foster 462.

There being in this case a partnership, and partnership property, and debts contracted on the credit of the firm by which the property of the firm has been increased, these creditors would seem to stand on the same footing of equity, as to their right of having their debts satisfied out of the partnership property, though the infant partner has set up his personal privilege of infancy to discharge his individual liability. The fact that these creditors have been deprived of the personal liability of one partner for the security of their debts, by the plea of a personal exemption, would seem to be no good reason for taking from them their other security on the partnership property. In mercantile transactions, the creditor trusts to the property more than to the personal liability of his debtor. *Merci magis quam mercatori creditur*.

All the reasons upon which the equitable right of partnership creditors to a preference for the satisfaction of their debts in the application of the partnership funds, has been established, apply with undoubted force to a case like this, where an infant partner has been discharged in a suit by his plea of infancy, and judgment has been rendered for the partnership debt against the other partner. The creditor trusted to the partnership funds ; the debt was contracted to increase those funds, and the per-

sonal discharge of one partner can have no effect to impair the equitable rights of the creditor over the partnership property. The property is still partnership property, and the debt does not lose its character of a partnership debt.

We are of opinion that the officer who is summoned as trustee is bound to apply the money realized from the sale of the partnership property attached, to all the executions in his hands, according to the order of the attachments, and that in this case he must be discharged.

There is another ground on which, as the case now stands, the trustee would be entitled to his discharge. He has not yet made any application of the money in his hands on the executions. He holds the money under the attachment, and the general property is still in the defendants, subject to the lien of the attachments. The money does not belong to the attaching creditor until it has been applied on his execution. The judgment is still in force, and unsatisfied, and may be paid with other funds.

*Trustee discharged.*